In the Matter of the Application of JAMES E. JENKINS, Petitioner, for an Order against WORDEN E. WINNE, Mayor, FRED S. HOWELL, JR., and Others, Trustees, and STEPHEN W. HUNT, Treasurer of the Village of Freeport, N. Y., Respondents.

Supreme Court, Nassau County, May 5, 1942.

*Charles W. Jenkins*, for the petitioner.

*Samuel M. Levy*, for the respondents.

HOOLEY, J. Application pursuant to article 78 of the Civil Practice Act for an order directing the board of trustees of the village of Freeport and the village treasurer to comply with the provisions of the Village Law.

The applicant is the owner of property in said village upon which an assessment was levied for the construction of lateral sewers. These sewers were constructed pursuant to section 263-a of the Village Law, wholly at the expense of the property benefited. In conformity with the provisions of section 263-a aforesaid a bond issue was sold by the board of trustees. The interest rate on said

bond issue was 1.70% per annum. The plan of assessment provided for the collection of annual instalment payments for the retirement of such bond issue. Such instalments were payable on or before March first in each year plus interest on the full amount of the unpaid balance at the rate of six per cent, which rate was fixed by the board of trustees, and the said board of trustees has directed the treasurer to prepare the annual bills for the annual assessments fixing interest charges at the six per cent rate and to collect the instalments when due plus such rate of interest.

The applicant in claiming that the six per cent interest charge is improper relies upon the provisions of subdivision j of section 263-a of the Village Law, which provides in part as follows: " * * * and *an amount sufficient to pay the principal and interest of such bonds as the same become due shall annually be levied,* assessed and collected upon the lands in such district in the ratio of the principal amount of the original assessments, and included in the annual tax levy * * *."

The respondents rely upon section 113 of the Village Law as authority for their procedure in permitting payment of assessments in annual instalments and in charging interest at the rate of six per cent. That section refers to assessments for paving, sewers, water mains and similar municipal improvements. The respondents point out that no such provision is found in section 263-a aforesaid. The pertinent portion of section 113 of the Village Law reads as follows: " * * * in the event the board of trustees shall by resolution determine that an assessment may be paid in installments in future years and same shall not be paid in full within fifteen days after the determination of the amount thereof has been ascertained, then and in that event, said assessments shall become liens in equal annual installments, the first of which together with interest on all unpaid installments shall become a lien and be payable on the first day of March next succeeding the ascertainment of the amount of the assessment, and one installment together with interest on all unpaid installments shall become due on the first day of March of each year thereafter. If an installment and interest due on March first in any year are not paid prior to the time when taxes are levied for such year, the board of trustees shall include such unpaid installment and interest in the amount of the taxes levied upon such real property for such year. * * *"

The respondents argue that as there is no limitation on the rate of interest in section 113 aforesaid the legal rate may be charged.

In the court's opinion, however, section 113 and subdivision j of section 263-a of the Village Law should be read together. There

is no inconsistency between them. The latter section provides for the assessment. The former section permits the board of trustees to provide for the payment thereof in instalments. So read, it is clear that the intention of the Legislature was that only " an amount sufficient to pay the principal and interest on such bonds " should be levied and assessed upon the lands in such district. Here the specific property of the petitioner should have levied upon it only the amount necessary to pay the annual instalment, plus interest at 1.70%. It does not appear what disposition the village makes of the excess interest collected between the rates of 1.70% and 6% but certainly owners of specific parcels upon which assessments are collected should not be required to make up any deficiency on the part of non-payers or be compelled to contribute toward a fund to pay general municipal expenses. The whole theory of the Village Law with respect to the collection of sewer assessments in instalments is that the owner of the specific property on which an assessment is made in the first instance shall either pay the assessment in full or in instalments, but if in instalments, only so much shall be levied and collected annually as is necessary to pay the principal of the bonds and necessary interest.

Confirmation of this is found in section 275-a of the Village Law. That section provides in part as follows: " The board of trustees of any village which shall have heretofore issued or may hereafter issue bonds for the purpose of paying the cost of constructing in said village a sewer system, whether including or not including trunk lines, outfall sewers, disposal plants or lateral sewers, may, notwithstanding that any part of the expense of constructing such sewer system has theretofore been assessed upon lands benefited, determine and order that any portion of such cost, not exceeding in amount the aggregate amount of such bonds then outstanding, shall be assessed upon the lands benefited by the construction of such sewer system in the manner provided in this section. Any such resolution shall determine the aggregate amount of such bonds which shall then be outstanding and unpaid and shall fix the portion of each installment of maturities of said bonds which is thereafter to be assessed upon lands benefited, in the manner provided in this section. Any such resolution shall be subject to a permissive referendum. *Prior to the first day of May in each year the board of trustees shall compute the aggregate amount of the portion of the principal of said bonds, to become due during the ensuing fiscal year which is required by said resolution to be assessed upon the lands benefited, and also the interest on such portion of said bonds to become due during such fiscal year,* and shall assess such amount on the lands within said village, in proportion as nearly as may be to the

benefit which each lot or parcel will derive from the construction of said sewer system. * * * "

A reading of the foregoing section clearly indicates that if the board of trustees had elected to levy the assessments each year, pursuant to section 275-a, the amount levied would be the portion of the principal becoming due and also the interest to become due on the bonds. Obviously, the way the section reads it means the interest at the interest rate fixed in the bonds.

Therefore, if the interest rate, according to section 275-a, would be the interest rate as fixed in the bonds, the same rule should apply and without doubt was intended to apply to assessments when payable pursuant to sections 263-a and 113.

Application granted and the rate of interest should be fixed at 1.70%.